### KELLY v. HENDERSON, Administrator of CLARKE.

Special bail, who had not surrendered their principal, allowed to plead his discharge by the act to abolish imprisonment for debt.

ERROR to the Common Pleas of Washington county.

This was a scire facias against bail on appeal from arbitrators, setting forth judgment and breach of conditions of the bond. Defendant pleaded, that since the issuing of the scire facias, the legislature passed an act, entitled An act for abolishment of imprisonment for debt, except as therein, &c.; that they cannot, without violating that law, arrest said J., or surrender him in discharge, said J. not coming within any of the exceptions in said act. Plaintiff demurred, and the court gave judgment for him.

*Williams,* for plaintiff in error, cited 4 Wheaton, 122; 12 Wheaton, 370; 5 Watts, 346; 2 Watts, 431; 9 Watts, 288; 7 Watts & Serg. 365; 1 Hall's Law Jour. 260; 10 Serg. & Rawle, 285.

*Gow* and *Alden,* contrà, 2 R. 374; 4 Serg. & Rawle, 401; 10 Serg. & Rawle, 101; 4 Burr. 2460; 2 Cranch, 272; 7 Johns. 477; 5 Bin. 338; 2 Mass. 487.

The opinion of the court was delivered by GIBSON, C. J.

It is supposed that the bail ought to have surrendered their principal in discharge of their recognisance, notwithstanding the statute to abolish imprisonment for debt. But was that practicable without the principal's consent? They could have surrendered him only by taking his person into custody; and, that they could not have done it without committing a trespass is plain, from the change which the statute effected in his condition. A principal is said to be *delivered* on bail; not, however, from imprisonment, but to indulgent jailers of his choice, who have the same power over his person that the sheriff had, insomuch that they may deprive him, at pleasure, of the actual liberty he enjoys at their sufferance, and remit him to confinement by the ordinary jailer. That he is, to every legal intent, in the keeping of his bail, may be shown by a few of the cases to the point. In Sheers *v.* Brooks, 2 H. B. 120, in which bail had broken into the house of a stranger to seize their principal, Lord Loughborough said, that he was in their actual or potential custody as his jailers, and that they could seize him, and surrender him at any time. So, in Horn *v.* Swinford, 1 D. & R. Nisi Prius C. 20, an absconding principal was seized in the Court of Exchequer, while attending on subpœna as a witness; and Chief Baron Richards said, in answer to a motion to discharge him on the ground of privilege, that the seizure was not an arrest, but a recaption. And, in Rex *v.* Butcher, Peake, N. C. 226, it was said, that if the principal be refractory, the bail may use force. Now, the purpose of the statute was emancipation—not partial and gradual, but instantaneous and entire. It was not merely to free the inmates of the jails, but to cut up imprisonment for debt, in all its phases, trunk and branch. The day of its enactment was to be the first of an era; and the power of the creditor, or of the officers of the law and their substitutes, to detain the person of the debtor, was to be at an end. How then could the bail have surrendered their principal? A bankrupt's certificate, doubtless, did not, at one time, entitle his bail to be released without an exoneretur; but that was because it is not the certificate which gives him a new status, but conformity to the bankrupt laws, of which the certificate is no more than evidence—as was held in Harris *v.* James, 9 East, 86. And the same may be said of a discharge under the insolvent laws. But modern practice allows the bail of a bankrupt, clearly entitled to his discharge, an exoneretur at once,

to save circuity and expense—as in Martin *v.* O'Hara, Cowp. 823. And because a principal, who has succeeded to a peerage, or been elected to the House of Commons, cannot be surrendered, his bail are entitled to an exoneretur in the first instance. Now, whenever the surrender of the principal has become physically impossible by the act of God, or morally so by the act of the law, the bail are, ipso facto, released; and it is difficult to conceive of a more palpable case of moral impossibility than is presented by a statute which has extinguished the power of bail over the person of their principal, and made further restraint of it illegal. But how are they to avail themselves of their disability? They may either plead it in bar, (Petersdorf on Bail, 389,) or have an exoneretur entered on the bail-piece. They have pleaded, in this case, a statutory discharge, which is as absolute as death itself; and the demurrer to their plea ought not to have been sustained.

Judgment reversed, and judgment for defendant below.