questions for the jury to determine. When the evidence is viewed in the light most favorable to plaintiff, as it must be viewed in passing upon the direction of a verdict against him, we think that it was sufficient to carry the case to the jury on the issue of total and permanent disability. Carter v. U. S. (C. C. A. 4th) 49 F.(2d) 221; Garrison v. U. S. (C. C. A.) 62 F.(2d) 41; Hicks v. U. S. (C. C. A.) 65 F.(2d) 517; U. S. v. Sauls (C. C. A. 4th) 65 F.(2d) 886; U. S. v. Messinger (C. C. A. 4th) 68 F.(2d) 234. The judgment appealed from will be reversed, and the case will be remanded for a new trial.

Reversed.

## SHORT et al. v. UNITED STATES.
### No. 3569.

Circuit Court of Appeals, Fourth Circuit.
April 3, 1934.

James N. Garrett and Lester S. Parsons, both of Norfolk, Va. (James M. Wolcott and Venable, Miller, Pilcher & Parsons, all of Norfolk, Va., on the brief), for appellants.

H. M. Woodward, Asst. U. S. Atty., and Paul W. Kear, Sp. Asst. to U. S. Atty., both of Norfolk, Va. (Sterling Hutcheson, U. S. Atty., of Boydton, Va., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

Appellants were indicted for conspiracy to violate the provisions of the National Pro-

hibition Act, and, from sentences imposed upon conviction, appealed to this court. The case was pending on appeal at the time of the ratification of the Twenty-First Amendment to the Constitution; and under the recent decision of the Supreme Court in United States v. Chambers and Gibson, 54 S. Ct. 434, 78 L. Ed. ——, 89 A. L. R. 1510, the judgment of the court below must be reversed, and the case remanded, with direction to dismiss.

Reversed.

## WARREN et al. v. UNITED STATES.
### No. 3570.

Circuit Court of Appeals, Fourth Circuit.
April 3, 1934.

James N. Garrett, of Norfolk, Va. (James M. Wolcott, of Norfolk, Va., on the brief), for appellants.

H. M. Woodward, Asst. U. S. Atty., of Norfolk, Va., and Sterling Hutcheson, U. S. Atty., of Boydton, Va. (Paul W. Kear, Sp. Asst. to U. S. Atty., of Norfolk, Va., on the brief), for the United States.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

Appellants were indicted for transporting and possessing intoxicating liquors in violation of the National Prohibition Act, and, from sentences imposed upon conviction, appealed to this court. The case was pending on appeal at the time of the ratification of the Twenty-First Amendment to the

Constitution; and, under the recent decision of the Supreme Court in United States v. Chambers and Gibson, 54 S. Ct. 434, 78 L. Ed. ——, 89 A. L. R. 1510, the judgment of the court below must be reversed, and the case remanded, with direction to dismiss.

Reversed.

### UNITED STATES v. LEGG et al.
### No. 3565.

Circuit Court of Appeals, Fourth Circuit.
April 3, 1934.

George I. Neal, U. S. Atty., of Huntington, W. Va. (Okey P. Keadle, Asst. U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Roderick G. Merrick, of Charleston, W. Va. (William G. Thompson and George Love, both of Fayetteville, W. Va., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and WILLIAM C. COLEMAN, District Judge.

PER CURIAM.

This is an appeal in a war risk insurance case, and the only question presented is the sufficiency of the evidence to establish total and permanent disability while the insurance was in force. The insured was discharged from the army March 3, 1919, and the premiums paid continued the insurance in force during that month. He had been gassed and shell-shocked while in military service and following his discharge he had epileptic seizures. Grand mal epilepsy gradually developed and became worse towards the end of his life. He died in August, 1929, not from epilepsy, however, but as a result of acute dysentery.

There is no sufficient evidence in the case that the insured became totally and permanently disabled as a result of the epilepsy, or from other cause, while the insurance was in force. On the contrary, the facts established by undisputed testimony show that he was not totally and permanently disabled at that time. Shortly after his discharge from the army in 1919 he went to work for the Long Branch Coal Company, and in the August following he was married. In applying for compensation about that time he stated that he went to work for the coal company at wages of $75 per month; and the testimony is that he worked for that company from 1919 to 1925. The records of his earnings for the years 1919 to 1922 were not available; but the books of the company show that he was paid as wages in 1923, $615.09, in 1924, $621.60, and in 1925, $806.68. In the light of this work record, a finding of total and permanent disability while the policy was in force cannot be sustained. U. S. v. Harrison (C. C. A. 4th) 49 F.(2d) 227; U. S. v. Diehl (C. C. A. 4th) 62 F.(2d) 343; U. S. v. McGill (C. C. A. 8th) 56 F.(2d) 522; Nicolay v. U. S. (C. C. A. 10th) 51 F.(2d) 170. The case here is very similar to that before the Supreme Court in Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492, and, in view of the decision there, further discussion here is unnecessary.

The judgment appealed from will be reversed.

Reversed.