### UNITED STATES v. E. & S. MOTOR TRANSP. CO., Inc., et al.

District Court, S. D. New York.
June 1, 1934.

Martin Conboy, U. S. Atty., of New York City (Earl N. Bishopp, Asst. U. S. Atty., of Middletown, N. Y., of counsel), for the United States.

Leo M. Brimmer, of New York City (Alexander, Ash & Jones, of New York City, of counsel), for defendant Sun Indemnity Co. of New York.

CAFFEY, District Judge.

The allegations of paragraphs 3 to 6 of the complaint, which were in part denied in the answer, have been satisfactorily established by affidavits. Indeed, their truth is now conceded in the brief of the defendants. The defense in paragraph 7 of the answer that there was no demand prior to suit was withdrawn by the defendants at the oral argument and has not been mentioned in the defendants' brief. This leaves for determination only the question as to whether the repeal of the Eighteenth Amendment, as set up in paragraph 6 of the answer, is a defense.

According to the terms of the bond sued on, the cause of action was complete on June 2, 1925, when Weingard was convicted of a violation of the National Prohibition Act (27 USCA § 1 et seq.) and the principal in the bond failed on that day to return to the custody of the officer who had approved the bond the vehicle in the possession of Weingard at the time he committed the offense. Because the cause of action was then complete, the right to recover thereon was unaffected by the repeal of the Eighteenth Amendment. Pacific M. S. S. Co. v. Joliffe, 2 Wall. 450, 17 L. Ed. 805; Coombes v. Getz, 285 U. S. 434, 442, 52 S. Ct. 435, 76 L. Ed. 866.

As I see it, there is nothing to the contrary in U. S. v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510. There, the jurisdiction of the court was dependent upon the continued life of the National Prohibition Act, which fell when the Eighteenth Amendment was repealed. Here the jurisdiction of this court in the premises has not been impaired by that repeal, and it may accordingly, at the instance of the government, enforce the right on the bond which had matured long prior to the repeal. In no respect, either as to the substantive right or as to procedure, is this suit dependent upon the National Prohibition Act.

From the statement in U. S. v. Mack (D. C.) 6 F. Supp. 839, May 7, 1934, Eastern District of New York (unreported), my impression is that there are grounds for distinguishing that case from this. If not, then

with great deference I disagree with the conclusion there reached.

In the complaint the prayer was for judgment in the sum of $2,000, with costs. In the government's brief the amount has been reduced to $1,000, with costs.

Motion granted. Settle order on two days' notice.