## UNITED STATES v. BIEGERT et al.
### No. 3932.

District Court, D. New Jersey.
July 7, 1934.

Edward J. Madden, of Jersey City, N. J., for American Surety Co.

Harlan Besson, U. S. Atty., of Trenton, N. J. (by Wm. F. Smith, Sp. Asst. U. S. Atty., of Trenton, N. J.), for the United States.

FORMAN, District Judge.

In this case the United States has sued the above-named defendants by filing a complaint against them, in which it alleges the arrest of one Edward Moore on June 7, 1931, while transporting intoxicating liquor in a Brockway truck; the release of the vehicle to Arthur E. Biegert, the owner, on a bond which was made by him as principal and the American Surety Company as surety; the said bond having been given July 7, 1931, for the release of a vehicle seized under section 26, title 2 of the National Prohibition Act (27 USCA § 40), and containing the following conditions:

"Now, therefore, the condition of this obligation or bond is such, that if the said principal shall return the aforesaid conveyance or vehicle to the custody of the officer approving this bond on the day of trial to abide the judgment of the court; and, in case the said property shall be forfeited to the United States, or the court shall order a sale of said conveyance or vehicle, that if the said principal shall pay the difference between the value of said vehicle or conveyance at the time of the execution hereof, which is hereby stipulated to be one-half of the penal sum of this bond, and its value on the date of its return as aforesaid, less depreciation due to reasonable wear and tear or ordinary use, and the said principal shall pay off any liens or encumbrances thereon except the following liens heretofore existing, namely;

"I owe Brockway Motor Truck, 205 Frelinghuysen Ave., Newark, $3,000 dollars, then this obligation to be void, otherwise to remain in full force and effect.

"Witness our hands and seals this 2 day of July, 1931.

> "Arthur E. Biegert
> "American Surety Co. of N. Y.
> "By George Maier,
>   "Attorney in Fact."

The complaint further alleges the indictment and conviction of Edward Moore, the driver of the said vehicle for transporting intoxicating liquor, the breach of the condition of the bond by failure to return the truck on the day of trial, namely, November 13, 1931, to the custody of the officer who approved the bond and claims damages in the sum of $4,000, the value of the vehicle as stipulated in the bond at the time of its release, besides interest from date of such default and costs of suit.

The matter comes before me on a motion made by the defendant American Surety Company of New York to strike the said complaint. Argument has been had and briefs have been submitted on both sides.

Although not alleged in the complaint, the docket of this court shows that a motion was granted forfeiting the truck in question on November 18, 1932.

It is argued in support of the motion that this suit is instituted to collect a penalty or forfeiture; that by reason of the repeal of the Eighteenth Amendment to the Constitution this court was automatically divested of all power to enforce penalties provided for by statutes enacted pursuant to that amendment and, therefore, lacks the power to render a judgment for the plaintiff in respect to the item demanded in the present suit. Reliance is placed upon the case of U. S. v. Chambers & Gibson, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510, for this theory.

The recovery sought on the bond is not a penalty. U. S. v. Randall (C. C. A. 2) 58 F. (2d) 193. In that case the court held that a bond delivered under section 26 of title 2 of the National Prohibition Act was not to fix a liquidated sum as damages or penalties for a nonappearance of the vessel, but to compensate the United States for the loss it would sustain if unable to sell the seized vessel by reason of the failure to return the vessel as agreed in the bond.

The cause of action herein, arising from the breach of the condition of the bond, emanated from a simple contract obligation. Biegert obtained certain benefits which he would otherwise not have obtained by agreeing to return the vehicle released to him on the day of trial. Having failed to comply with his agreement, a cause of action for damages in favor of the United States arose on such breach and suit was maintainable thereon. Rights under this contract were not affected by the repeal of the Eighteenth Amendment, since the cause of action was not dependent upon that amendment nor upon the National Prohibition Act. They arose and were complete long before such repeal.

In the case of Coombes v. Getz, 285 U. S. 434, 52 S. Ct. 435, 76 L. Ed. 866, the Supreme Court had under consideration the effect of repeal of a provision of the Constitu-

tion of the State of California. One of its sections provided that directors of corporations should be liable to the creditors for all moneys misappropriated or embezzled by corporate officers. While creditors who contracted with a corporation, with that provision in force, were suing to enforce their rights against a director for money misappropriated by the corporation's officers, the section making the director liable was repealed. It was held that the right to enforce liability was part of the creditors' contracts and fully vested before repeal, and was protected by the contract clause of the Constitution (article 1, § 10) and the due process clause of the Fourteenth Amendment. Mr. Justice Sutherland, speaking for the court, says, at page 442 of 285 U. S., 52 S. Ct. 435, 436: "The right of this petitioner to enforce respondent's liability had become fully perfected and vested prior to the repeal of the liability provision. His cause of action was not purely statutory. It did not arise upon the constitutional rule of law, *but upon the contractual liability created in pursuance of the rule. Although the latter derived its being from the former, it immediately acquired an independent existence competent to survive the destruction of the provision which gave it birth. The repeal put an end to the rule for the future, but it did not and could not destroy or impair the previously vested right of the creditor* (which in every sense was a property right, Ettor v. Tacoma, 228 U. S. 148, 156, 33 S. Ct. 428, 57 L. Ed. 773; Pritchard v. Norton, 106 U. S. 124, 132, 1 S. Ct. 102, 27 L. Ed. 104) *to enforce his cause of action upon the contract.* Ettor v. Tacoma, supra; Hawthorne v. Calef, 2 Wall. 10, 22, 17 L. Ed. 776; Pacific Mail Steamship Co. v. Joliffe, 2 Wall. 450, 17 L. Ed. 805; Ochiltree v. Railroad Contracting Co., 21 Wall. 249, 252, 253, 22 L. Ed. 546; Harrison v. Remington Paper Co. (C. C. A.) 140 F. 385, 390, et seq., 3 L. R. A. (N. S.) 954, 5 Ann. Cas. 314; Knickerbocker Trust Co. v. Myers (C. C.) 133 F. 764, 767." (Italicizing mine.)

I cannot agree with counsel for the defendant surety that the decision of the Supreme Court in the case of U. S. v. Chambers & Gibson, supra, is controlling here. The court there held, in effect, that after the repeal of the Eighteenth Amendment, any prosecution for a violation of the National Prohibition Act would be to apply statutory provisions after they had been deprived of force, notwithstanding that the crime was alleged to have been committed while the statute was still in force. In the case at bar, how-ever, the government is not relying upon the provisions of the National Prohibition Act for the purpose of enforcing a penalty or a punishment, but bases its demand upon a contract which it alleges the defendants failed to perform long before the repeal was effective.

The motion to strike the complaint will therefore be denied.