13 Wall. 654, 20 L. Ed. 699, the buyers of slaves, when sued for the price, set up emancipation as a defence. No more was determined than the liability of a buyer upon failure of title after performance. Our decision in U. S. v. Randall, 58 F.(2d) 193, held only that recovery upon a bond under section 26 should be limited to the value of the ship arrested; we did not suggest that the action was not pro tanto a forfeiture. When we said that it was intended as a substitute for the "damage" or "loss" of the United States, we spoke of the loss incurred by failing to collect the penalty, not of any loss involved in the sale or traffic in liquors. There was no such "loss"; forfeiture is a punishment.

Judgment affirmed.

James A. Mack (C. C. A.) 73 F.(2d) 265, except that the judge here gave judgment on the bond. For the reasons stated in that case, this judgment must be reversed and trial ordered.

Judgment reversed; trial ordered.

## WOLFE et al. v. INTERNATIONAL RE-INSURANCE CORPORATION.
### No. 28.

Circuit Court of Appeals, Second Circuit.
Nov. 5, 1934.

## UNITED STATES of America, Appellee, v. E. & S. MOTOR TRANSPORTATION CO., Inc., Defendant, and SUN INDEMNITY CO. of New York, Appellant.
### No. 122.

Circuit Court of Appeals, Second Circuit.
Nov. 5, 1934.

Edward Ash, of New York City, for E. & S. Motor Transp. Co.

Leo M. Brimmer, of New York City (Lawson R. Jones, of New York City, of counsel), for Sun Indemnity Co.

Martin Conboy, U. S. Atty., of New York City (Earle N. Bishopp, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This case involves the same question that was before the court in United States v.