## FIDELITY & DEPOSIT CO. OF BALTIMORE, MD., v. UNITED STATES.
### No. 123.

Circuit Court of Appeals, Second Circuit.
Dec. 10, 1934.

Merrill & Quinn, of Utica, N. Y. (August Merrill, of Utica, N. Y., of counsel), for appellant.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y. (B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

This action is to recover damages for failure to deliver a motorcar owned by the defendant Albes to the United States collector of the Northern district of New York, which was seized because of its use by its owner in the illegal transportation of liquors. Its owner was charged with a violation of the National Prohibition Act (27 USCA). The court below granted judgment for $1,000, with interest, part of which, it is directed, shall be paid by the clerk of the United States District Court to the Reo Motor Car Company in satisfaction of its lien for the purchase price of the motorcar.

There were two seizures of this motorcar. The first, September 17, 1921, when this bond was given for its release conditioned on the return of the car to the collector or United States marshal on the day and at the place of trial. Annexed was a statement of valuation of $1,000, agreed to by the owner and the collector. December 13, 1921, Albes was again arrested by the same collector for a similar offense, namely, illegally using the same motorcar in transportation of liquors. This time the motorcar was seized and sold by the United States marshal. This sale was at public auction, after public advertisement, to the highest bidder, and took place in the proceedings instituted for the second seizure. Albes was convicted for the offense of September 17, 1921; also for the December 13, 1921, violation. The judgment was entered in the instant case on February 27, 1933, and this appeal was taken in due time. The repeal of the Eighteenth Amendment was effective by the ratification of the Twenty-First Amendment on December 5, 1933. After that date neither Congress nor the court could continue its validity, and "the National Prohibition Act, to the extent that its provisions rested upon the grant of authority to the Congress by the Eighteenth Amendment, immediately fell, with the withdrawal by the people of the essential constitutional support." Prosecutions for the violation of the National Prohibition Act pending at the time could not be continued. United States v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510. In the Chambers Case, the indictment was filed June 5, 1933, and the trial was held on December 6, 1933. At bar the judgment was entered before the ratification of the Twenty-First Amendment but the appeal was pending. However, it has been held that convictions of violations entered prior to the ratification but pending on appeal at the time of such adoption of the Twenty-First Amendment cannot stand and must be reversed. Green v. United States, 67 F.(2d) 846 (C. C. A. 9); Cornerz v. United States, 69 F.(2d) 965 (C. C. A. 5); Short v. United States, 70 F.(2d) 105 (C. C. A. 4); Warren v. United States, 70 F.(2d) 105 (C. C. A. 4).

This action, being for a penalty on the bond, which is supported because of a right of seizure of the motorcar under the National Prohibition Act (title 2, § 26 [27 USCA § 40]), cannot succeed without the support of such act. The repeal of the amendment ended the power to forfeit the motorcar, and, while this proceeding is not for forfeiture, the right to recover is dependent upon the power of forfeiture of the motorcar. There was a substitution of the bond to answer for the motorcar. The right to recover on the bond is dependent upon the right of seizure and sale. That question is contested by this appeal. The only right of seizure is that provided for by the National Prohibition Act (title 2, § 26 [27 USCA § 40]). That act has been re-

pealed, and the courts are powerless to continue its enforcement because of the adoption of the Twenty-First Amendment; so too does the right to recover on the bond cease. United States v. Mack (C. C. A. 2) 73 F.(2d) 265, decided November 5, 1934; United States v. E. & S. Motor Transp. Co. and Sun Indemnity Co. (C. C. A. 2) 73 F.(2d) 267, decided November 5, 1934.

Judgment reversed.