## CORNERZ v. UNITED STATES.
### No. 7013.

Circuit Court of Appeals, Fifth Circuit.

March 28, 1934.

John Minor Wisdom, of New Orleans, La., for appellant.

Rene A. Viosca, U. S. Atty., and W. H. Norman, Sp. Asst. to U. S. Atty., both of New Orleans, La.

Before BRYAN, SIBLEY, and HUTCH-ESON, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant was in 1930 found guilty of violating the National Prohibition Act, and was sentenced to serve a year and a day in the penitentiary, but the sentence was suspended, and he was put on probation for five years under 18 USCA § 724, on condition that he should not again violate the Prohibition Act nor any other federal or state law. On January 25, 1933, he was again convicted and sentenced for a violation of the Prohibition Law, and, after a hearing, it was ordered that his previous probation be revoked "and the sentence heretofore imposed herein be reinstated in full force and effect, said sentence to run concurrently with the sentence imposed" on the last conviction. An appeal was taken from the conviction of January 25, 1933, and also one from the order revoking the probation. Before the cases were reached in this court, the Eighteenth Amendment of the Constitution was repealed without reservation. The conviction of January 25, 1933, was reversed and the sentence annulled in accordance with United States v. Chambers, 54 S. Ct. 434, 78 L. Ed. ——, 89 A. L. R. 1510, and Smallwood v. United States (C. C. A.) 68 F.(2d) 244. Appellant insists that a like disposition must be made of the appeal from the order revoking probation and enforcing the conviction of 1930. The prosecution urges that the sentence pronounced and suspended in 1930 was a final judgment unaffected by prohibition repeal and expressly excepted from the decision in the Chambers Case. The appellant contends that it was not even final enough to have been appealed from, citing cases from the Second Circuit. United States v. Lecato (C. C. A.) 29 F.(2d) 694; United States v. Messina (C. C. A.) 36 F.(2d) 699; United States v. Levinson (C. C. A.) 54 F.(2d) 363; United States v. Knickerbocker Fur Coat Co. (C. C. A.) 66 F.(2d) 388.

In the cases cited, no sentence seems to have been imposed before probation was ordered. Here sentence was imposed and then suspended. But we are not faced with the question whether a probationer dissatisfied at his conviction is entitled to appeal, and we express no opinion about it. Yet we think the appellant is right in the contention that there was no sentence effective to imprison him until the order of revocation was entered, and that that order having been arrested by appeal, the appellate court must in reviewing it be governed by the law as it stands at the date of judgment on the appeal. The first sentence to imprisonment was superseded by the order of suspension and probation which was a part of it. When in 1933 the probationer was arrested and brought before the court, the statute is express that: "Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." 18 USCA § 725. The power of making a new sentence applies as well to a case in which a sentence was imposed and suspended for probation as to one in which probation was ordered without imposition of sentence. United States v. Antinori (C. C. A.)

59 F.(2d) 171. In the present case the old sentence was reinstated instead of making another essentially different, but the power exercised in either case is that given by the words quoted from the statute. The old sentence became effective because the court on January 25, 1933, so adjudged. Otherwise it would have remained a dead letter. If appellant is now to be imprisoned, it is not directly by virtue of the old sentence, but by virtue of the judgment of January 25, 1933. That judgment is now before this court, and the question is: Could appellant's probation be revoked to-day and he be ordered imprisoned for a violation of the National Prohibition Act? All federal authority so to do has, without any saving of pending cases, been withdrawn by the repeal of the Eighteenth Amendment, which had authorized it. We cannot by our mandate order execution of this order to imprison appellant for this cause. United States v. Chambers; Smallwood v. United States, supra.

The judgment is reversed, with direction to discharge the prisoner.