## MOSS v. UNITED STATES.
### No. 3703.

Circuit Court of Appeals, Fourth Circuit.
June 28, 1934.

Sam M. Cathey and Worth McKinney, both of Asheville, N. C. (Cathey & McKinney, of Asheville, N. C., and Dan K. Moore, of Sylva, N. C., on the brief), for appellant.

Marcus Erwin, U. S. Atty., of Asheville, N. C. (W. R. Francis, Asst. U. S. Atty., of Waynesville, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

This appeal is taken from the action of the District Court in overruling a motion of the defendant whereby he sought, on account of the repeal of the Eighteenth Amendment, to be discharged from a judgment or sentence of imprisonment for eighteen months for violation of the National Prohibition Act (27 USCA § 1 et seq.). On May 22, 1933, at a regular term of the court at Bryson City, N. C., the defendant pleaded guilty to an indictment in which he was charged with the violation of the National Prohibition Act by the unlawful manufacture, possession, and transportation of intoxicating liquor, and the unlawful possession of materials designed for the manufacture of intoxicating liquor. On the same day, he was sentenced to be imprisoned for eighteen months and assigned to some federal prison camp. He was thereupon taken into custody, a mittimus was issued for him, and he was placed in the jail to await

transportation to the place of detention to be fixed by the Attorney General for the service of his sentence. See 18 USCA §§ 742, 753 f.

On May 29, 1933, the attorneys for the defendant appeared before the court and represented that the defendant's business affairs were in bad condition; that he had a large number of cattle in mountain pastures, and a large crop planted which needed his personal supervision, and requested the court to release the defendant from jail upon his giving bond on the condition that he would later appear and enter upon the service of his sentence. Thereupon the defendant was ordered released upon giving a bond for $2,000 upon the condition that he appear at the November term of the court, to begin the execution of the judgment and sentence of eighteen months imposed on May 22, 1933, as above stated. The defendant, however, failed to appear at the November term, 1933, at Bryson City, as he was bound to do, whereupon, on November 27, 1933, it was ordered that judgment nisi upon the bond be entered against the defendant and his bondsman, and that a capias issue for the defendant. On December 4, 1933, at a term of court held at the city of Shelby, to which the case had been transferred, it was noted that the defendant had failed to appear at Bryson City and was a fugitive from justice, and it was ordered that the clerk issue a capias and mittimus for the defendant, and that the sentence imposed at the May term be invoked. The mittimus to the marshal recited the conviction of the defendant and his sentence to a federal prison camp or penitentiary to be designated by the Attorney General of the United States for a term of eighteen months commencing December 4, 1933. Subsequently, a bench warrant was issued on May 18, 1934, and the defendant was arrested on May 19, 1934, and has been confined in jail continuously since that day. After his arrest, he filed the motion hereinbefore referred to, wherein he prayed the court that he be discharged from custody in that the judgment entered in his absence on December 4, 1933, was null and void and of no effect, and that the court is now without jurisdiction to pronounce sentence, since the Eighteenth Amendment to the Constitution of the United States was repealed on December 5, 1933. The court, after hearing, ordered on May 28, 1934, that certain corrections be made in the records of the court in order to set out the true history of the case, denied the defendant's motion, and ordered that he be committed to the United States Industrial Reformatory at Chillicothe, Ohio, to serve a sentence of eighteen months.

The defendant contends that the court erred in changing the records previously made in the case, and in finding the facts with regard to the imposition of the sentence hereinbefore recited. The original record clearly shows that the defendant pleaded guilty and was sentenced to eighteen months in prison and committed to custody on May 22, 1933, and that he remained in custody until May 29, 1933. The subsequent records, as originally filed, would perhaps give rise to some doubt as to whether on May 29, 1933, the sentence previously entered was stricken out, or whether on that date the execution of the sentence was merely suspended until the November term and the defendant released on bond in the meantime. The record originally made on May 29, 1933, indicated that the case had been recalled and that prayer for judgment was continued to the November term, the defendant to give bond in the sum of $2,000; but the record made on December 4, 1933, invoked the sentence imposed at the May term and thereby indicated that it had not been stricken out. It was under these circumstances that the motion to correct the records was made and granted with the result that after correction they appear in the form first above set out. No error is found in this action, for it is well established that the power is inherent in every court to correct its own records in order that they may truly show its past proceedings. Wight v. Nicholson, 134 U. S. 136, 10 S. Ct. 487, 33 L. Ed. 865; U. S. ex rel. Campbell v. Bishop (C. C. A.) 47 F. (2d) 95; Cornette v. Baltimore & O. R. Co. (C. C. A.) 195 F. 59; 15 Corpus Juris, 975; Ricaud v. Alderman & Flanner, 132 N. C. 62, 43 S. E. 543.

The defendant's main contention is that the sentence of May 22, 1933, was stricken out by the court on May 29, 1933, in the exercise of its power to amend a sentence imposed in a criminal case during the same term of court (see United States v. Benz, 282 U. S. 304, 51 S. Ct. 113, 75 L. Ed. 354); and that since the defendant was not before the court on December 4, 1933, the action of the court on that day did not amount to a valid judgment, and that the order or judgment of the court passed on May 28, 1934, was void and of no effect because of the repeal of the Eighteenth Amendment, under the rule laid down in Chambers v. United States, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510. See, also, Massey v. United States, 54 S. Ct. 532, 78 L. Ed. 1019; Cornerz v. United States (C. C. A.) 69 F.(2d) 965; Smallwood v. United States (C. C. A.) 68 F.(2d) 244; Short v. United States (C. C. A.) 70 F.(2d)

105; Warren v. United States (C. C. A.) 70 F.(2d) 105; Ponder v. United States (C. C. A.) 70 F.(2d) 372; United States v. Antinori (C. C. A.) 59 F.(2d) 171.

We are, however, not confronted with this factual situation, since it appears from the correction of the court's record that a valid sentence was imposed upon the defendant on May 22, 1933, which has never been stricken out, and that the defendant immediately entered upon the execution of that sentence when he was committed to jail to await transportation to the final place of imprisonment. It is provided by the Act of June 29, 1932, c. 310, § 1, 47 Stat. 381, 18 USCA § 709 (a), that the sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which the person was received at the place of imprisonment for the service of the sentence; and that if any such person is committed to a jail to await transportation to the place at which his sentence is to be served, the sentence shall commence to run from the date on which he was received at such jail.

▇▇▇ It is also suggested that the defendant must nevertheless be discharged, because the action of the court in releasing him from custody on May 29, 1933, amounted to a suspension of execution of the sentence and the placing of the defendant on probation under the provisions of the Federal Probation Act, 18 USCA § 724, and that there was no valid revocation of the probation until after the repeal of the Eighteenth Amendment, and hence the case falls within the rule laid down in Cornerz v. United States (C. C. A.) 69 F.(2d) 965, where it was held that after the repeal of the Eighteenth Amendment, a previous probation could not be revoked and sentence imposed upon the defendant. We have no occasion here to consider the rule announced in this decision, for it has no application to the case before us. It would seem that if probation was granted to the defendant in the pending case, the actions of the court on November 28 and December 4, 1933, might be considered a valid revocation thereof, since revocation of probation is not a matter of formal procedure either with respect to notice or specification of charges or trial thereon. Burns v. United States, 287 U. S. 216, 222, 53 S. Ct. 154, 77 L. Ed. 266. But we need not decide this matter, for there was no probation in this case. The application of the defendant's attorneys to the court was not to release him on probation, but merely to suspend the execution of the sentence temporarily upon the definite condition that he would return at a later date and serve out his term; and the order of the court releasing the defendant on May 29, 1933, did not contemplate that the defendant be relieved from punishment, if he should behave himself well or faithfully perform some other condition during a probationary period. Moreover, the court had no power to release the defendant on probation on May 29, 1933, after he had entered upon the execution of his sentence. United States v. Murray, 275 U. S. 347, 48 S. Ct. 146, 72 L. Ed. 309.

The procedure of the court in this case is quite similar to that considered in United States v. Pile, 130 U. S. 280, 9 S. Ct. 523, 32 L. Ed. 904, wherein the defendant in a criminal case, after conviction, was sentenced to a term of imprisonment in jail and to the payment of a fine. Subsequently, at the same term of court, it was ordered that the execution of the judgment be suspended until the next term of court upon the defendant entering into a recognizance for his appearance at that date. At a subsequent term, the court ordered that the judgment of fine and imprisonment be set aside, and thereupon the defendant moved that judgment be arrested on the ground of the insufficiency of the indictment. The judges of the court were unable to agree as to whether the motion was well taken, and certified the record to the Supreme Court which dismissed the case for want of jurisdiction. The court held that when the trial court first entered its judgment, it had finally disposed of the case, and that the order for the suspension of the execution did not set the judgment aside but left it in full force, and that the court had no jurisdiction at the succeeding term to set aside the judgment. See, also, Hodges v. United States (C. C. A.) 35 F.(2d) 594; Bernstein v. United States (C. C. A.) 254 F. 967, 3 A. L. R. 1569; U. S. v. Ruppel (D. C.) 6 F. Supp. 346; Miller v. Aderhold, 288 U. S. 206, 53 S. Ct. 325, 77 L. Ed. 702.

▇▇▇ We are not to be understood as holding that it was within the power of the court to release the defendant from jail, in the manner in which it was done in this case, after he had entered upon the execution of his sentence; but we are of opinion that in any event the temporary stay of execution left the sentence in full force and effect, and it was not disturbed after the expiration of the term by the orders of the court which purported to alter or modify it. Hence it is immaterial that on December 4, 1933, a mittimus was issued reciting a sentence of eighteen months commencing on that date; or that the last

order of the court of May 19, 1934, purported to fix as the place of imprisonment the United States Reformatory at Chillicothe, whereas the original sentence directed that the defendant be imprisoned in some federal prison camp. The sentence originally pronounced is still in full force and effect.

The order appealed from is therefore affirmed, and the case remanded to the District Court in order that the judgment and sentence of the court be put into effect, giving credit, however, to the defendant for the time during which he has been confined in jail prior to his release on May 29, 1933, and subsequent to his arrest on May 19, 1934.

Affirmed.