## BENNETT v. UNITED STATES.
### No. 13321.

Circuit Court of Appeals, Eighth Circuit.
Dec. 16, 1946.

Rehearing Denied Jan. 7, 1947.

Submitted on brief of appellant, pro se.

Sam. O. Hargus, Asst. U. S. Atty. of Kansas City, Mo. (Sam M. Wear, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal by Commodore E. Bennett, M.D., from an order denying a motion to set aside a judgment and sentence which revoked probation previously granted to appellant and imposed five years imprisonment in an institution of the special type to be designated by the Attorney General.

The appellant is a physician and surgeon and had for many years prior to 1942 been a drug addict. On May 19, 1942, he was arraigned under an indictment containing five counts, each charging him with obtaining morphine sulphate by improper use of an order form issued by the Secretary of the Treasury of the United States for purposes other than use, sale or distribution by appellant in the legitimate practice of his profession as a physician. See 26 U.S.C.A. Int. Rev. Code, § 2554(g). Appellant appeared in person and by counsel, entered a plea of nolo contendere and was found guilty and placed on probation for a period of five years under the usual probation conditions and the further condition that he voluntarily submit himself to the United States Public Health Service Hospital at Fort Worth, Texas, to be confined until pronounced cured of his addiction or otherwise discharged by law. He entered the institution and was discharged therefrom on October 8, 1942. Appellant then returned to Springfield, Missouri, and resumed the practice of medicine.

On December 5, 1942, appellant's wife instituted guardianship proceedings in the probate court of Greene County, Missouri. On December 12, 1942, the probate court entered an order reciting that appellant had on that day been adjudged incompetent by reason of being a drug addict, and appointing appellant's wife as guardian of his person and estate.

On January 25, 1944, the United States Probation Officer for the Western District of Missouri filed a motion for revocation of appellant's probation. The officer, accompanied by appellant, appeared in court and an informal hearing was had. The court found that appellant had violated the terms of probation and indicated that the order of probation should be revoked. Appellant was allowed several days to take care of his personal affairs, but on January 26, 1944, the court was informed that appellant had taken large doses of morphine and was causing disturbances, and thereupon ordered the marshal to take appellant into custody. It appears that appellant was immediately brought before the court and was sentenced on that date. Apparently there was no further hearing on January 26, but it is clear that the revocation of probation and the judgment of commitment were based on the hearing of January 25.

Appellant filed a motion to set aside the judgment and sentence, and on October 1, 1945, following a hearing participated in by appellant and his counsel, the court entered the order from which this appeal is taken.

The appellant contends that he was improperly denied counsel during the January 1944 proceedings. The orders revoking probation and sentencing appellant recite that he was represented by counsel but it is admitted by the government that the recitations are erroneous and that appellant presented his own case without assistance of counsel. The proceedings in January, 1944, were not reported and the facts must be gleaned as best they may from the testimony of witnesses at the hearing of October 1, 1945, and statements of the District Judge at that time, reflecting his recollection of the facts.

The Assistant United States Attorney who had charge of the case at the time probation was revoked testified that he informed the court on January 25, 1944, that appellant had been represented by a Mr. Brown at the original trial, that the court then inquired of appellant whether he desired an attorney to represent him and that appellant stated that he did not, and proceeded to review the facts himself. This witness further testified that appellant appeared to be normal and capable of making a clear presentation of the facts and of understanding what was going on.

The probation officer who had moved for revocation of probation in January, 1944, testified that appellant made no request for counsel, and that he appeared to be a man of normal mind and in possession of his faculties. This officer testified that, at the hearing, he informed the court that appellant had reverted to the use of morphine in

violation of the terms of his probation and that appellant made a somewhat detailed statement in his own behalf, admitting the accusation and stating facts in attempted justification of his narcotic addiction.

The deputy United States Marshal who was present at the revocation proceeding testified that appellant appeared to be normal and presented his case in an intelligent manner.

■ The statute under which probation was revoked, 18 U.S.C.A. § 725, provides, in part: "At any time within the probation period the probation officer may arrest the probationer wherever found, without a warrant, or the court which has granted the probation may issue a warrant for his arrest, which warrant may be executed by either the probation officer or the United States marshal of either the district in which the probationer was put upon probation or of any district in which the probationer shall be found and, if the probationer shall be so arrested in a district other than that in which he has been put upon probation, any of said officers may return probationer to the district out of which such warrant shall have been issued. Thereupon such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

Under the statute a probationer must be accorded a fair hearing before the court on the charge that he has violated the terms of his probation. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; United States v. Van Riper, 2 Cir., 99 F.2d 816. At such a hearing the District court has a broad discretion both as to procedure and ultimate disposition of the case. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. See also, United States v. Moore, 2 Cir., 101 F.2d 56; Moss v. United States, 4 Cir., 72 F.2d 30; Whitehead v. United States, 6 Cir., 155 F.2d 460. As stated in the Burns Case, supra, (287

U.S. loc. cit. 222, 223, 53 S.Ct. 156, 77 L.Ed. 266):

"The question, then, in the case of the revocation of probation, is not one of formal procedure either with respect to notice or specification of charges or a trial upon charges. The question is simply whether there has been an abuse of discretion and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action. The Styria, 186 U.S. 1, 9, 22 S.Ct. 731, 46 L.Ed. 1027. It takes account of the law and the particular circumstances of the case and is 'directed by the reason and conscience of the judge to a just result.' Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520. While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice.

\*    \*    \*    \*    \*    \*

"There is, properly speaking, no question here of notice. Defendant was brought before the court and questioned. Defendant was not only heard but gave his testimony. The inquiry related to his own conduct in connection with his leaving the jail, and the court could properly restrict the examination to what was pertinent to that conduct and could refuse to extend the inquiry to embrace other matters. The hearing was summary, but it cannot be said that it was improper or inadequate, in view of the nature of the proceeding and of the particular point upon which the court rested its decision. The court revoked the probation upon defendant's admissions of his dereliction, and it does not appear that there was an abuse of discretion."

■ The right of a probationer to a hearing on a motion for revocation of probation stems not from the constitution but from the terms of the probation statute. Escoe v. Zerbst, supra. Congress having exercised its right to grant the privilege of probation and having established the probation system had the corresponding right and duty to prescribe the procedure to be followed in administering the system.

In the Escoe case it appeared that the District court had revoked suspension of

sentence on conditions of probation and committed petitioner without according him a hearing of any kind. The Supreme Court, in holding the attempted revocation to be invalid for denial of the statutory right to a hearing before the sentencing court, said (295 U.S. 492–494, 55 S.Ct. 819, 79 L.Ed. 1566):

"The probationer, instead of being brought before the court which had imposed the sentence, was taken to a prison beyond the territorial limits of that court and kept there in confinement without the opportunity for a hearing. For this denial of a legal privilege the commitment may not stand.

"In thus holding we do not accept the petitioner's contention that the privilege has a basis in the Constitution, apart from any statute. Probation or suspension of sentence comes as an act of grace to one convicted of a crime, and may be coupled with such conditions in respect of its duration as Congress may impose. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. But the power of the lawmakers to dispense with notice or a hearing as part of the procedure of probation does not mean that a like dispensing power, in opposition to the will of Congress, has been confided to the courts. The privilege is no less real because its source is in the statute rather than in the Fifth Amendment. If the statement of the Congress that the probationer shall be brought before the court is command and not advice, it defines and conditions power. French v. Edwards, 13 Wall. 506, 511 [80 U.S. 506, 511], 20 L.Ed. 702. The revocation is invalid unless the command has been obeyed.

＊　＊　＊　＊　＊　＊

"The charge against him may have been inspired by rumor or mistake or even downright malice. He shall have a chance to say his say before the word of his pursuers is received to his undoing. This does not mean that he may insist upon a trial in any strict or formal sense. Burns v. United States, supra, 287 U.S. 216 at pages 222, 223, 53 S.Ct. 154, 77 L.Ed. 266. It does mean that there shall be an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper. Burns v. United States, supra. That much is necessary, or so the Congress must have thought, to protect the individual against malice or oppression. Almost equally it is necessary, if we read aright the thought of Congress, for the good of the probation system with all its hopes of social betterment."

█ The statute does not require that a probationer be represented by counsel at an inquiry relative to the proposed revocation of probation. Whether there could ever be a situation in which the denial of a request by a probationer that counsel be appointed to represent him at such an inquiry would constitute an abuse of judicial discretion, is a question that we need not decide. Viewing the present record in the light most favorable to appellant, it is clear that he made no request for counsel and was quite content to present his own case, though he had been represented by counsel in prior stages of the case and at least some reference to that fact was made at the hearing in January, 1944. There were no disputed facts and appellant frankly admitted that he had violated the terms of his probation. The record therefore shows that the court gave to appellant "a chance to say his say" and accorded him the inquiry contemplated by the statute.

█ Appellant contends, however, that the court was without jurisdiction to sentence him because of appellant's mental condition at the time. In this connection, he relies on the determination of the probate court in the 1942 guardianship proceedings that appellant was incompetent. The record discloses that the proceedings against appellant in the probate court were brought under Mo.R.S.A.1939, Art. 19, § 509, providing for appointment of guardians for habitual users of narcotic drugs, and were not brought under Mo.R.S.A.1939 Art. 18, § 447, relating to guardians of insane persons. Appellant was not declared to be insane in the 1942 proceedings and the guardian was appointed merely by reason of appellant's drug addiction.

Although it appears that the probation officer had knowledge of the guardianship proceedings, the facts in regard thereto

were not brought to the District court's attention at the time of the hearing on the motion for revocation of probation. But the record leaves no doubt of appellant's sanity at that time. At the hearing of October 1, 1945, the witnesses agreed that appellant appeared to be perfectly normal at the hearing on revocation, and the District court recalled that appellant showed exceptional intelligence and gave no indication that he did not fully understand the facts.

Bennett v. Hunter, 10 Cir., 155 F.2d 223, was a habeas corpus proceeding brought by this appellant in which he raised the identical question concerning his sanity in January, 1944. As stated in that case, page 225:

"The common law forbids the sentencing of an insane person, or of one who becomes insane after conviction, while he continues of unsound mind. Where the defendant interposes a plea that he became insane after conviction and before the imposition of sentence, the plea is addressed to the court's discretion, and if there is nothing to raise a doubt as to sanity, the court may disregard the plea and pronounce sentence. Here, the probate court had not adjudged petitioner insane. It had merely adjudged that he was incapable of managing his affairs, because of his addiction to narcotic drugs, under § 509, R.S. Mo.1939, Mo.R.S.A., which provides for the appointment of guardians, for habitual users of narcotic drugs.

"And we cannot say on this record that the court should have made further inquiry into petitioner's sanity before proceeding with the hearing on revocation of the probation and before imposing sentence, or that the findings of the court below are clearly erroneous."

Judge Reeves, in the present case, proceeded in a manner quite similar to that followed by him in the case presented to us in Farrington v. King, 8 Cir., 128 F.2d 785, which involved a probationer who was addicted to drink and who, like appellant, was of good family and standing in the community. In the Farrington case, we said, page 787: "Assuming, without deciding, that the court may revoke probation, and issue a commitment, only when a probationer, who has violated the terms

of his probation, is before the court in full possession of all of his faculties, there is no reliable evidence in the record here that petitioner was not in possession of his faculties and was not fully aware of what was happening to him on July 5, 1941, and why it was happening." The evidence is equally clear in this case that appellant was in possession of his faculties at the time of the hearing in January, 1944, and we overrule his contentions to the contrary.

■ The appellant contends that the District court erred in overruling a motion for change of venue filed prior to the hearing of October 1, 1945. The motion was prepared by appellant pro se, and was filed under 28 U.S.C.A. § 25, on the ground of alleged personal bias and prejudice of Judge Reeves against defendant. On October 1, 1945, and prior to the hearing on the motion to set aside the judgment and sentence, the court called attention to the motion for change of venue and stated that it ought to be ruled upon. Counsel for defendant asked the court to disregard the motion on the ground that defendant was not competent to make it, and counsel stated that he considered the motion to be void. The United States Attorney pointed out that the motion for change of venue had been filed two days late and it appeared to the court that the motion should be overruled on that ground. Defendant's counsel stated, "That suits us", and thereupon the court proceeded to overrule the motion on the ground that it was not timely filed. In the circumstances we conclude that the court did not err in overruling the motion for change of venue. However, we have carefully examined the affidavit of personal prejudice and find that it contains no allegations of fact legally sufficient to establish prejudice or bias on the part of the trial judge.

■ Appellant's final contentions are that the District court erroneously attempted to "reverse" a determination of the U. S. Commissioner of Narcotics made in 1934 that appellant then had a medical need for a certain amount of narcotic drugs, and a 1942 decision of the Veterans' Administration to pay to the appellant's estate permanent and total disability benefits under a war risk insurance policy. But

in fact there was no attempt to reverse either of these determinations. That appellant may have had medical need for narcotics in 1934 would seem to have slight relevancy in determining the question of revocation of probation in this case. The only possible relevancy of the determination of the Veterans' Administration would concern the issue of sanity, and we fail to find in the record a determination of any court or agency that appellant is or ever has been insane in the sense that he might not be held accountable for the offense committed or be dealt with according to law for violation of probation granted him. The appellant demonstrated conclusively his need for a protecting hand against his own weakness. The District court in revoking probation and ordering appellant's commitment in an institution of a special type exercised sound discretion and appellant has no valid ground of complaint.

Affirmed.