Neil Lee KELLEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7210.

United States Court of Appeals Fourth Circuit.

Argued June 5, 1956.

Decided June 18, 1956.

Neil Lee Kelley, pro se, on brief.

George E. Lewis, Asst. U. S. Atty., Conway, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and MOORE, District Judge.

PER CURIAM.

This is an appeal from denial of a motion under 28 U.S.C. § 2255 to vacate a sentence of imprisonment. Appellant, who was represented by counsel, pleaded guilty to a two count indictment charging violations of the Dyer Motor Vehicle Theft Act, 18 U.S.C.A. §§ 10, 2311–2313, on June 4, 1951. The District Judge announced that he would fine appellant $200 and sentence him to 30 months imprisonment to be suspended on five years probation. On the same day, however, upon learning that appellant had not disclosed that there was another criminal proceeding pending against him, the judge changed the sentence to a $200 fine and a year and a day's imprisonment on the first count and a $100 fine and 21 months imprisonment on the second count. The sentences were to run consecutively but the sentence on the second count was suspended and appellant placed on probation thereon. In 1954 appellant was arrested charged with a vio-

lation of the terms of his probation. He was given a hearing and his probation was revoked. He contends that the District Judge could not change the sentence originally announced and that the order revoking probation was void because he was not represented by counsel on the hearing. There is no merit in either contention. As he had not entered upon the service of the sentence first announced, it was within the power of the judge to change it on the day on which it was announced. See Acme Poultry Corp. v. United States, 4 Cir., 146 F.2d 738. Revocation of probation does not demand formal procedure. The question is simply whether or not there has been an abuse of discretion. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L. Ed. 266; Moss v. United States, 4 Cir., 72 F.2d 30, 32; Pritchett v. United States, 4 Cir., 67 F.2d 244. There is nothing here to indicate that there was any abuse of discretion in not appointing counsel at the hearing on revocation of probation. See Bennett v. United States, 8 Cir., 158 F.2d 412.

Affirmed.