JOSEPH SUBILOSKY vs. COMMONWEALTH.

Suffolk.    March 1, 1965. — July 2, 1965.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Constitutional Law*, Assistance of counsel, Due process of law.  *Practice, Criminal*, Assistance of counsel.

*Gideon* v. *Wainwright*, 372 U. S. 335, dealing with the right of an indigent defendant in a criminal case to assistance of counsel as bearing on his constitutional right to a fair trial and due process of law, is to be applied retrospectively.  [488]

Where, at a time when the practice in the Superior Court was not to appoint counsel for indigent defendants in noncapital cases, an indigent defendant indicted for serious noncapital offences was not informed of any right to court appointed counsel and did not request such counsel, and was tried and convicted without being represented by counsel, he was not afforded a fair trial or due process of law under the subsequent decision in *Gideon* v. *Wainwright*, 372 U. S. 335, applied retrospectively, and the judgments against him must be reversed on writ of error.  [488]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on April 6, 1964.

The case was reserved and reported by *Spalding*, J.

*Wilbur G. Hollingsworth* for the petitioner.

*Warren K. Kaplan*, Assistant Attorney General, for the Commonwealth.

SPALDING, J.    This is a petition for a writ of error to set aside judgments in four criminal cases.  The Commonwealth in its answer denied the allegations of the petition and asked that the judgments be affirmed for the reason that there was no error of law apparent on the record.

The findings of the single justice include the following. In January, 1952, the petitioner was indicted for four offences by the grand jury for Middlesex County.  One indictment charged assault with intent to rob and three charged armed robbery.  James L. McLaughlin and Robert Roche were named as codefendants in all of these indictments.  On January 11, 1952, the petitioner was arraigned and pleaded not guilty to each indictment.  At the time of

the arraignment and at all subsequent stages of the proceedings the petitioner was not represented by counsel.[1]

The trial of the petitioner and his codefendants, which was to a jury, commenced on March 10, 1952, and was completed on March 11. The codefendants were represented by counsel. The petitioner was found guilty on all four indictments. On the indictment charging assault with intent to rob he was sentenced to fifteen to twenty years at the State prison; on each of the three other indictments he was sentenced to the State prison for life. These sentences were later reduced somewhat by the Appellate Division. (See G. L. c. 278, §§ 28A–28D.)

"The petitioner testified that both at the time of the arraignment and at the commencement of the trial he represented to the court that he was without funds and requested the court to appoint counsel to represent him. As so often happens in cases of this sort where the post conviction phase is heard long after the original proceedings (in this case 12 years) it is difficult to ascertain the facts. Often, as here, there is no evidence available to contradict the petitioner. The petitioner early in 1959 endeavored to obtain a transcript of the evidence but was informed by the stenographer that no transcript (because not requested) was ever made and that now it was impossible to make one because she had destroyed her notes after having preserved them for the required six years. I am not convinced that the petitioner requested the court to appoint counsel or made known to the court his indigency. I find, however, that he was in fact indigent and I am of . . . opinion that the judge could reasonably have inferred that he was. It is reasonable to infer — and I do infer — that the petitioner was never informed of his right to have court-appointed counsel and had he asked for counsel he would have been told that in noncapital felonies such as these it was not customary for the court to appoint counsel. I base these inferences on the practice then prevailing in the Superior Court (of which I take judicial notice) not to appoint

---

[1] In the proceedings on this petition for a writ of error the petitioner was represented by Mr. Wilbur G. Hollingsworth of the Massachusetts Defenders Committee, pursuant to an appointment by a Justice of this court.

counsel for indigent defendants except in capital cases. See *Allen* v. *Commonwealth,* 324 Mass. 558. Rule 10 of the General Rules was not adopted until June 13, 1958, more than six years after the trial under consideration. Had the court offered to appoint counsel for the petitioner, I have no doubt that he would have availed himself of the privilege.

"The petitioner is now 44 years of age; at the time of the trial he was aged 32. He has had little education, never having gone beyond the fifth grade in school. From the fact, according to his testimony, that he had been in court at various times on 15 criminal charges, in all of which he pleaded guilty, I infer that he was not wholly unfamiliar with court proceedings, if that is material.

"Apart from the failure of the court to apprise the petitioner of his right to counsel, and to appoint counsel, I am not satisfied that the trial itself was unfair. He was permitted to participate in his defence and to argue to the jury after the evidence was completed. A confession of a codefendant implicating the petitioner was introduced in evidence but the petitioner concedes that the judge instructed the jury that the confession was not to be treated as evidence against him. He contends, however, that the confession was the only evidence . . . that implicated him in any way but that despite this fact the judge submitted the cases to the jury. While I am in no position to make a finding as to the petitioner's guilt or innocence — and in a proceeding of this sort I do not believe this issue to be material — I cannot accept his version that the judge submitted the cases to the jury solely on the basis of a confession which he had ruled was not admissible against the petitioner."

After finding the facts recited above, the single justice concluded: "Relying on *Gideon* v. *Wainwright,* 372 U. S. 335, the petitioner attacks the convictions on the ground that, having been tried and convicted without the assistance of counsel, he was denied due process of law. Although the *Gideon* case was decided on March 18, 1963, eleven years after the challenged convictions, the petitioner urges that

it be given retrospective effect.    Because of the importance
of the subject, I reserve and report the case for considera-
tion of the full court on the question whether, on the fore-
going facts, *Gideon* v. *Wainwright* is to be given retrospec-
tive effect and, whether it is or is not to be given such effect,
what disposition should be made with respect to the four
challenged judgments.''

The Federal courts have uniformly construed the *Gideon*
decision as having retrospective application.    *Striker* v.
*Pancher,* 317 F. 2d 780 (6th Cir.).    *United States ex rel.
Craig* v. *Myers, Superintendent,* 329 F. 2d 856 (3d Cir.),
affirming *United States ex rel. Craig* v. *Myers, Superin-
tendent,* 220 F. Supp. 762 (E. D. Pa.).    *United States ex
rel. Durocher* v. *LaVallee, Warden,* 330 F. 2d 303 (2d Cir.),
cert. den. sub nom. *LaVallee, Warden,* v. *Durocher,* 377
U. S. 998.    *Palumbo* v. *New Jersey,* 334 F. 2d 524, 528–
532 (3d Cir.).    State courts have likewise so held.    *In re
Palmer,* 371 Mich. 656.    *State* v. *Johnson,* 43 N. J. 572, 581–
585.    We know of only two courts that have ever held the
contrary.    *Commonwealth ex rel. Craig* v. *Banmiller,* 410
Pa. 584.    *Arthur* v. *People,* 155 Colo. 188.    But the Penn-
sylvania decision was overruled in *Commonwealth ex rel.
McCray* v. *Rundle,* 415 Pa. 65, 68, and *Commonwealth ex
rel. O'Lock* v. *Rundle,* 415 Pa. 515, 520.    The Colorado case
was reversed in *Arthur* v. *Colorado,* 380 U. S. 250 (per
curiam).

That this view prevails is not surprising in light of the
fact that *Gideon* v. *Wainwright, supra,* was a decision which
was actually applied retrospectively in that very case.
That case came to the Supreme Court of the United States
on a writ of certiorari from the denial of post conviction
remedies by which Gideon sought to attack collaterally the
judgment against him.    There is, moreover, not the slight-
est indication in the opinion that the decision is only to
operate prospectively.    See *Doughty* v. *Maxwell, Warden,*
376 U. S. 202 (per curiam), reversing *Doughty* v. *Sachs,
Warden,* 175 Ohio St. 46, which also involved a post con-
viction attack.

Any doubts that still may have persisted concerning the

matter have been dispelled in the recent case of *Linkletter* v. *Walker,* 381 U. S. 618. There the question was whether the exclusionary rule of *Mapp* v. *Ohio,* 367 U. S. 643, was retrospective. The court held that since pre-*Mapp* convictions necessarily involve police conduct prior to that decision the deterrent purpose of the *Mapp* exclusionary rule would not be served by applying it retrospectively. The opinion of the court, however, distinguished the *Gideon* situation where the principle applied relates to "the fairness of the trial — the very integrity of the fact-finding process." *Linkletter* v. *Walker, supra,* 639.[1] In footnote 20 in the *Linkletter* case the court said, "In *Gideon* v. *Wainwright* . . . we recognized a fundamental fact that a layman, no matter how intelligent, could not possibly further his claims of innocence, and violation of previously declared rights adequately. Because of this the judgment lacked reliability."

We conclude that the *Gideon* rule is to be applied retrospectively. Even if the position of the Supreme Court of the United States were not so clear, we would still reach this result. A trial in which a defendant is not represented by counsel lacks that fundamental fairness we regard as essential to a conviction. That the petitioner, as the single justice found, did not request counsel is of no consequence. The findings establish that he was not advised of his right to counsel and there is nothing in the record which would indicate that this right was waived. *Doughty* v. *Maxwell, Warden,* 376 U. S. 202. *United States ex rel. Durocher* v. *LaVallee, Warden,* 330 F. 2d 303 (2d Cir. en banc). *Commonwealth ex rel. O'Lock* v. *Rundle,* 415 Pa. 515, 520–521. See *Carnley* v. *Cochran, Corrections Dir.* 369 U. S. 506. The judgments lack reliability and this is just as true whether the defendant was convicted before or after the decision in the *Gideon* case.

*Judgments reversed.*

*Verdicts set aside.*

*Cases remanded to Superior Court.*

---

[1] This distinction and its rationale were anticipated in *United States ex rel. Durocher* v. *LaVallee, Warden,* 330 F. 2d 303, 310, n. 3.