**UNITED STATES of America, Plaintiff,**

**v.**

**Gerald Glen BOYDEN, Defendant.**

**No. 24258–CD–CR.**

United States District Court
S. D. California, S. D.

Dec. 20, 1965.

Manuel L. Real, U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for plaintiff.

Paul Hofflund, San Diego, Cal., for defendant.

JAMES M. CARTER, District Judge:

This case involves a claim under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, for compensation by an attorney appointed to a defendant in a hearing on an application to revoke probation.

Defendant was convicted for violation of 18 U.S.C. §§ 371, 471, 472, and 474 in July 1955, and was sentenced on September 7, 1955, to a term of five years on Counts seven and nine to run concur-

rently; and on Counts one, two and three, imposition of sentence was suspended and defendant was placed upon probation for a period of five years to begin upon completion of sentence on Counts seven and nine. The term of Counts seven and nine was subsequently reduced to four years and nine months, following dismissal of Boyden's appeal. The order modifying sentence dated March 8, 1956, states that the period of probation was to begin upon expiration of the service of the term imposed.

Defendant was conditionally released on Federal parole, was arrested and convicted of a felony in the state courts of California and sentenced to state prison. On his release from state prison defendant was taken into custody by the U.S. Marshal for violation of Federal parole. He was then released by Federal authorities and within two months arrested and convicted of charge of armed robbery in the Federal Court and sentenced to prison.

The present proceeding is on an order to show cause to revoke probation and impose sentence under Counts one, two and three of the 1955 conviction. Mr. Paul Hofflund of the San Diego Bar was appointed in the case to represent Mr. Boyden in this matter. He has filed a claim in the amount of $190.00 for four hours in court and thirteen hours outside of court. There is no question as to the reasonableness of the amount of time spent in this case. The files in this case are extensive and there was a difficult legal question as to whether or not the probationary period was in effect at the time of the Los Angeles bank robbery conviction.

The Criminal Justice Act of 1964 was enacted "To promote the cause of criminal justice by providing for the representation of defendants who are financially unable to obtain an adequate defense in criminal cases in the courts of the United States." 78 Stat. 552. The act provides for appointment of counsel "in every criminal case." 18 U.S.C. § 3006A(b). The act further provides that "A defendant for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States comissioner or court through appeal." 18 U.S.C. § 3006A(c).

The hearing to revoke probation is a "criminal case" for purposes of the act. In the present case the hearing was to determine if probation should be revoked and sentence imposed under the counts for which defendant was convicted but for which no term had been imposed. It is therefore an extension of the original criminal action.

An order revoking probation and imposing sentence is an appealable final judgment. Hensley v. United States, 257 F.2d 681 (5th Cir. 1958). In Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932) the Supreme Court reviewed an order revoking probation where execution of sentence had been suspended. See Kirsch v. United States, 173 F.2d 652 (8th Cir. 1949); Bennett v. United States, 158 F.2d 412 (8th Cir. 1946).

Since the Criminal Justice Act covers all procedures up through appeal, *a fortiori* it covers all proceedings prior to appeal.

Therefore the hearing to revoke probation is covered by the Act and the claim submitted by the appointed attorney in this case is approved.