RUBIN WILLIAMS *vs.* COMMONWEALTH.

Suffolk.    February 7, 1966. — May 17, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Practice, Criminal,* Assistance of counsel, Probation, Plea.    *Constitutional Law,* Assistance of counsel.    *Waiver.    Rules of Court.*

Upon a record showing merely that a defendant charged with crimes for
  which he might be imprisoned was not represented by counsel when he
  pleaded guilty, the acceptance of his plea must be held contrary to
  Rule 10 of the General Rules as revised on June 29, 1964, and the plea
  could not be used against him in any respect.    [733–734]
Discussion of constitutional right to representation by counsel at a hear-
  ing as to revocation of probation on which the defendant in a criminal
  case had been placed at the time of sentences to imprisonment.    [734–
  736]
The defendant in a criminal case was entitled to the benefit of Rule 10 of
  the General Rules as revised on June 29, 1964, in connection with a
  hearing as to revocation of probation on which he had been placed at
  the time of sentences to imprisonment; and, on a record showing merely
  that he was not represented by counsel at such hearing, a revocation of
  the probation by the court must be set aside.    [736–737]

PETITION for a writ of error filed in the Supreme Judicial
Court for the county of Suffolk on March 1, 1965.

The case was reserved and reported by *Reardon,* J., with-
out decision.

*Anthony A. McManus (Ronald J. Chisholm* with him) for
the petitioner.

*Brian E. Concannon,* Special Assistant Attorney General,
for the Commonwealth.

REARDON, J.    This is a petition for a writ of error
wherein the petitioner seeks to have vacated certain sen-
tences imposed upon him in the District Court.    The matter
came before the single justice who reserved and reported it
without decision upon a statement of agreed facts.    In his
assignments of error, the petitioner claimed that he was
deprived of certain rights guaranteed to him by the Decla-

ration of Rights in the Massachusetts Constitution, and by the Sixth and Fourteenth Amendments of the United States Constitution, that he was not advised of his right to counsel at trial under Rule 10 of the General Rules, 347 Mass. 809, and that he was denied the opportunity to confront witnesses against him. The facts are as follows.

On December 17, 1962, the petitioner appeared in answer to three complaints in the Municipal Court of the Roxbury District charging him with assault and battery. He was represented by counsel. He pleaded not guilty to the complaints but was found guilty on each one. He was sentenced on each complaint to two and one-half years in the Suffolk County House of Correction, the sentences to be served consecutively. Execution of the sentences was suspended until December 17, 1967, and the petitioner was placed on probation until the same date. He was advised of, but did not exercise, his right of appeal.

On November 23, 1964, the petitioner appeared in the same court to answer to five complaints as follows: (a) unlawfully attaching license plates; (b) operating a motor vehicle without a license; (c) operating an uninspected motor vehicle; (d) operating an uninsured motor vehicle; and (e) operating an unregistered motor vehicle. Upon this occasion the petitioner had no counsel; he pleaded guilty to each of the complaints and was found guilty. The court filed the five complaints but revoked his probation on the 1962 convictions, resulting in his confinement for a total of seven and one-half years. The petitioner is currently serving those sentences.

1. The hearing in the Municipal Court of the Roxbury District on November 23, 1964, constituted both a trial on the 1964 complaints and a hearing on probation revocation. Kadish, The Advocate and the Expert — Counsel in the Peno-Correctional Process, 45 Minn. L. Rev. 803, 804–805, 816, 833. See *Williams v. New York,* 337 U. S. 241, 246–251.

2. The 1964 proceedings relating to the five complaints of that year constituted a trial on charges some of which were sufficiently serious to have resulted in the confinement

of the petitioner. G. L. c. 90, §§ 7A, 9, 10, 20, 23, 31, and 34J. In these proceedings the petitioner was entitled to be represented by counsel. *Gideon* v. *Wainwright,* 372 U. S. 335, 344–345. *Palumbo* v. *New Jersey,* 334 F. 2d 524, 529 (3d Cir.). See *Commonwealth* v. *O'Leary,* 347 Mass. 387, 389–390; *Subilosky* v. *Commonwealth,* 349 Mass. 484, 488; *Hamilton* v. *Alabama,* 368 U. S. 52, 54–55; *White* v. *Maryland,* 373 U. S. 59, 60; *Escobedo* v. *Illinois,* 378 U. S. 478, 486–487, 491. See also Rule 10 of the General Rules, as amended on June 29, 1964 (347 Mass. 809).

Under Rule 10, *supra,* and the United States Constitution, waiver of counsel will not be presumed from a silent record. *Carnley* v. *Cochran,* 369 U. S. 506, 514–516. *United States* v. *LaVallee,* 330 F. 2d 303, 308–310 (2d Cir.). *Palumbo* v. *New Jersey,* 334 F. 2d 524, 533. *People* v. *Dorado,* 62 Cal. 2d 338, 349–354. *Commonwealth ex rel. Goodfellow* v. *Rundle,* 415 Pa. 528, 532–533. See *Johnson* v. *Zerbst,* 304 U. S. 458, 464–465; *Moore* v. *Michigan,* 355 U. S. 155, 161–162; Note, Right to Counsel at the Time of Sentence: New York's Forgotten Guarantee, 27 Brooklyn L. Rev. 110, 115–117. Here the record fails to reveal whether the petitioner was indigent. There is nothing to show whether the petitioner could have retained his own counsel and chose not to do so. There is nothing to indicate that the petitioner was informed of his right to have counsel, that he elected to proceed without counsel, or that he either waived counsel or refused to sign a waiver. The acceptance of his guilty plea was not in conformance with the requirements of Rule 10 of the General Rules, *supra,* and was error. The petitioner's plea of guilty on November 23, 1964, cannot be used against him in any respect. *Commonwealth* v. *McCarthy,* 348 Mass. 7, 13–14. *Commonwealth* v. *Kleciak, ante,* 679, 689–690. *Massiah* v. *United States,* 377 U. S. 201, 207. *Escobedo* v. *Illinois,* 378 U. S. 478, 491. *Commonwealth ex rel. Johnson* v. *Maroney,* 416 Pa. 451, 452–453.

3. We proceed to the problem of whether the proceedings of November 23, 1964, considered solely as a probation

revocation hearing, required that the petitioner be afforded the opportunity of counsel under Rule 10 of the General Rules. This is a matter which has occupied the attention of many courts and authors in recent years. There are jurisdictions in which a "probationer must be given an opportunity to retain counsel and to have such counsel present during revocation proceedings." Note, Legal Aspects of Probation Revocation, 59 Col. L. Rev. 311, 328. This right is granted expressly or by implication by certain State statutes. Alaska Sts. § 33.05.070 (1962). Fla. Sts. Ann. § 948.06 (1965). Ga. Sts. § 27–2713 (Supp. 1965). See Tenn. Code Ann. § 40–2907 (1955). Some courts have stated in broad terms that due process requires at least a hearing before revoking a convicted defendant's grant of liberty, parole or probation. *Fleenor* v. *Hammond,* 116 F. 2d 982, 986 (6th Cir.) (reversing 28 F. Supp. 625) (conditional pardon). *Brill* v. *State,* 159 Fla. 682, 684–685 (suspended sentence). *Lester* v. *Foster,* 207 Ga. 596, 598–599 (suspended sentence). *Cross* v. *Huff,* 208 Ga. 392, 398 (suspended sentence). *People ex rel. Joyce* v. *Strassheim,* 242 Ill. 359, 366–368 (parole). *Murray* v. *Swenson,* 196 Md. 222, 230–231 (conditional pardon). *Hite* v. *State,* 198 Md. 602, 605–606 (suspended sentence). *State ex rel. O'Connor* v. *Wolfer,* 53 Minn. 135, 138–140 (conditional pardon). *Mason* v. *Cochran,* 209 Miss. 163, 169–170 (suspended sentence). *Ex parte Lucero,* 23 N. M. 433, 436–439 (suspended sentence). *State* v. *Phillips,* 185 N. C. 614, 620–622 (suspended sentence). *State* v. *Renew,* 136 S. C. 302, 304 (suspended sentence). *State* v. *Zolantakis,* 70 Utah, 296, 304–305 (suspended sentence). *State* v. *O'Neal,* 147 Wash. 169, 171–173 (suspended sentence). See cases collected in *Burns* v. *United States,* 287 U. S. 216, 219–220. Other courts, however, have broadly stated that not even a hearing is guaranteed under the United States Constitution in either parole or probation procedures affecting the defendant's liberty following his conviction. *Escoe* v. *Zerbst,* 295 U. S. 490, 492–493 (dictum) (probation). *Bennett* v. *United States,* 158 F. 2d 412, 414–415 (8th Cir.), cert. den.

331 U. S. 822 (probation). *United States ex rel. Harris* v. *Ragen,* 81 F. Supp. 608, 609, affd. 177 F. 2d 303, 304 (7th Cir.) (parole). *Fuller* v. *State,* 122 Ala. 32, 40–41 (executive parole). *In re Levi,* 39 Cal. 2d 41, 44 (probation). *Pagano* v. *Bechly,* 211 Iowa, 1294, 1297–1298 (suspended sentence). *In re Tabor,* 173 Kans. 686, 689–691 (parole). *Commonwealth ex rel. Meredith* v. *Hall,* 277 Ky. 612, 617 (conditional pardon). *People* v. *Dudley,* 173 Mich. 389, 396–397 (probation).

We note also that the right to counsel is currently recognized as extending to the time when the proceedings relative to a suspect have reached the accusatory stage. *Escobedo* v. *Illinois,* 378 U. S. 478, 490–491; when he is arraigned, *Hamilton* v. *Alabama,* 368 U. S. 52, 54–55; at the preliminary hearing or any critical stage, *White* v. *Maryland,* 373 U. S. 59, 60; when he pleads, *Moore* v. *Michigan,* 355 U. S. 155, 165; throughout his trial, *Gideon* v. *Wainwright,* 372 U. S. 335; at his sentence, *Townsend* v. *Burke,* 334 U. S. 736, 740–741; and in proceedings on appeal generally, *Douglas* v. *California,* 372 U. S. 353, 355, 358. But see *Kelley* v. *United States,* 235 F. 2d 44, 45 (4th Cir.); *Welsh* v. *United States,* 348 F. 2d 885, 887 (6th Cir.); and *Brown* v. *Warden, U. S. Penitentiary,* 351 F. 2d 564, 567–568 (7th Cir.), regarding counsel at probation revocation.

We need not rest our conclusions on this matter upon constitutional grounds. In *Martin* v. *State Bd. of Parole, ante,* 210, 213–214, we rejected the argument that revocation of parole was a procedure which fell within the protection of the Fourteenth Amendment's due process clause, saying, "For the present, however, we prefer to rely upon *Escoe* v. *Zerbst, supra,* . . .. While that case stands, we shall not establish a less strict requirement under the Constitution of this Commonwealth." In *Escoe* v. *Zerbst,* 295 U. S. 490, 492–493, Mr. Justice Cardozo writing for the majority had denied the petitioner's contention that certain constitutional protections were applicable in probation revocation proceedings.

We base our decision upon the application of Rule 10 of the General Rules, *supra,* which provides that "[i]f a de-

fendant charged with a crime, for which a sentence of imprisonment may be imposed, appears in any court without counsel, the judge shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel." Under that rule if such a defendant elects to proceed without counsel he may waive counsel by a statement over his signature that he has been informed of his right to have counsel appointed by the court "to represent . . . [him] at every stage of the proceedings in this case." The judge must then certify that the defendant has elected to proceed without counsel and has either executed or refused to sign a waiver. We interpret the words "at every stage of the proceeding" to include hearings on a possible revocation of probation.

There are solid reasons for this conclusion. Whether there has been conduct which is a violation of the conditions upon which probation was granted is the question in the consideration of possible revocation. The defendant's liberty is at stake, and at this point in the process of sentencing as much as at any other point he has need of counsel. In this case the decision on the petitioner's liberty is still in the hands of the sentencing court; in the *Martin* case, *supra,* where the sentence had been imposed and was being served, the question of Martin's liberty had left the hands of the court and was before an administrative agency, the parole board.

Rule 10 of the General Rules requires that the defendant, in the absence of a waiver, be afforded counsel at a probation revocation hearing where such revocation might result in his imprisonment. It is based on simple justice. In this case the petitioner has been committed to serve consecutive sentences totaling seven and one-half years and the record shows that he was not afforded the protection which Rule 10 contemplated that he should have. For this reason the action of the court taken at the probation revocation hearing is set aside and the proceedings are remanded to the District Court for further disposition.

*So ordered.*