**UNITED STATES of America, Plaintiff,**

v.

**Jacob W. GAST, Defendant.**
**Crim. A. No. 1750.**

United States District Court
D. Delaware.
April 3, 1969.

Alexander Greenfeld, U. S. Atty., and Norman Levine, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Roger Sanders, Wilmington, Del., for defendant.

## OPINION

LATCHUM, District Judge.

A claim has been filed under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, for compensation of an attorney appointed to represent the defendant at hearings on an application to revoke probation.

The grand jury for the United States District Court for the Northern District of California, Southern Division charged the defendant in a five-count indictment with forging and uttering two United States Postal Money Orders in violation of 18 U.S.C. § 500 and for obstructing correspondence in violation of 18 U.S.C. § 1702. The case was transferred to this court pursuant to Rule 20, F.R.Cr.P. At arraignment, defendant waived the appointment of counsel and entered a guilty plea to all counts. On April 12, 1966, the court suspended the imposition of sentence and placed the defendant on probation for a three year period.

Subsequently, the probation officer applied for revocation of defendant's probation for alleged violations of his conditions of probation. The claimant, Roger Sanders, Esq., was appointed by the court to represent defendant in the revocation proceedings. Three hearings were held with the ultimate result that defendant's probation was not revoked.

Mr. Sanders has now filed a claim for the amount of $390.80. The claim shows that Mr. Sanders spent 3.5 hours in court and 15.15 hours outside of court and incurred $4.80 in copying expenses. It also shows that his associate, Wayne N. Elliott, Esq., spent 18.20 additional hours outside of court in connection with the case. The claim asks for approval of an allowance at the rate of $15.00 per hour for time expended in court and $10.00 per hour for time expended out of court.

Whether the Criminal Justice Act permits compensation for appointed counsel who appear in probation revocation proceedings has been considered by several district courts and they agree that such representation is covered by the Act. United States v. Boyden, 248 F.Supp. 291 (S.D.Cal.1965) (Act applies "at every stage of the proceedings" through appeal, which includes revocation of probation because it is an appealable final order); United States v. Sharpe, Crim. No. 775–64 (D.D.C., Sept. 28, 1966) (probation revocation inextricably intertwined with imposition of sentence to which both constitutional right to counsel and Criminal Justice Act right to compensation apply); see United States v. Rountree, 254 F.Supp. 1009 (S.D. N.Y.1966) (probation revocation proceeding assumed to be criminal case within Act).

██ Despite the unanimity of these opinions, it appears that no attorney has ever been paid for representation at probation revocation proceedings because of a Comptroller General's Opinion which is binding upon The Administrative Office of the United States Courts.[1] 45 Comp.Gen. 780 (1966). The rationale

---

1. The Administrative Office of the United States Courts is charged with responsibility for making payments from the funds appropriated for use under the Criminal Justice Act. 18 U.S.C. § 3006A(h).

of that ruling was that a hearing for a probation violation was not an extension of the original criminal action entitling the defendant to counsel as a constitutional right. But it now appears that the basis of the Comptroller General's ruling has been severely undermined by the Supreme Court in Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967). In that case a unanimous Court stated that the Sixth Amendment right to counsel applies to "every stage of a *criminal proceeding* where substantial rights of a criminal accused may be affected" and that "a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing." *Id.* at 134, 137, 88 S.Ct. at 258 (Emphasis added). Although the Supreme Court was not passing on the coverage of the Criminal Justice Act, its reasoning effectively overrules the rationale of the prior Comptroller General's ruling. For this reason, I conclude that the Act applies to representation by counsel at probation revocation hearings, at least when, as in this case, the proceedings could result in the imposition of a deferred sentence. I will approve part of the claim submitted by defendant's court-appointed counsel, finding it to be reasonable, viz. for 3.5 hours of in-court time at $15.00 per hour and for 15.15 hours of out-of-court time at $10.00 per hour plus expenses of $4.80, for a total of $208.80.

Reluctantly, I am unable to approve compensation for the out-of-court time of Mr. Sanders' associate. The Act permits compensation only for "[a]n attorney appointed pursuant to this section, or a bar association or legal aid agency which made an attorney available for appointment * * *." 18 U.S.C. § 3006A(d). Since the order appointed only Mr. Sanders, Mr. Elliott's time cannot be approved for compensation under the Act. United States v. Naples, 266 F.Supp. 608 (D.D.C.1967).

An order will be entered in accordance with this opinion.