## Commonwealth v. D'Amico

*Bruce S. Lucas*, Assistant District Attorney, for Commonwealth.

*Stephen Signore*, for defendant.

LOWE, J., February 7, 1974.—On May 1, 1972, defendant, Vincent John D'Amico, ably represented by experienced counsel in the person of John Yatsko, Esq., proceeded to trial by a jury and the undersigned upon indictments charging larceny and conspiracy to commit larceny. The following day he elected to plead guilty, but the same was accepted only after an on-the-record colloquy established that the pleas were "voluntarily, knowingly and intelligently made by the defendant, i.e., with an understanding of the nature of the charges against him, his right to a jury trial and an awareness of the consequences of his plea": Commonwealth v. Enty, 442 Pa. 39, 40 (1971). See also Boykin v. Alabama, 395 U. S. 238 (1969), Commonwealth v. McNeill, 453 Pa. 102 (1973); Commonwealth v. Slavik, 449 Pa. 424 (1972); Pennsylvania Rule of Criminal Procedure 319(a). Defendant was ordered on 23 months probation subject to certain conditions of record.

On December 13, 1973, after hearing of which defendant and his counsel had due and ample notice,

the trial judge found defendant to be a probation violator in that he (1) had failed to maintain employment; (2) failed to pay the fine and costs previously imposed upon him; (3) submitted three urine samples which, upon laboratory screening, were positive for amphetamines and methamphetamines. Defendant was sentenced to undergo imprisonment for not less than one nor more than three years, the commitment to date from December 13, 1973. Costs were placed on the county.

An appeal from the judgment of sentence has been perfected in the Superior Court of Pennsylvania.

After a defendant is ordered on probation under the provisions of the Acts of June 19, 1911, P. L. 1055, sec. 1, as amended, 19 PS §1051, and August 6, 1941, P. L. 861, sec. 25, 61 PS §331.25, the court has the right and power to modify or revoke the probation if the terms thereof are violated or the conditions thereof are not met: 10A. P. L. Encyc. 534 §828 (1970). "If a defendant is sentenced, but the judge chooses to suspend sentence pending a period of probation, the trial judge may re-sentence the defendant if he violates that probation": Commonwealth v. Cole, 222 Pa. Superior Ct. 229, 231 (1972).

The sentence imposed was within the statutory limits established in section 807 of the Act of June 24, 1939, P. L. 872, sec. 807, 18 PS §4807. Furthermore, the trial court acted in a prompt and expeditious manner as has been mandated: Commonwealth v. White, 218 Pa. Superior Ct. 188 (1971): Commonwealth v. Ferguson, 201 Pa. Superior Ct. 649 (1963), and Commonwealth v. Duff, 201 Pa. Superior Ct. 387 (1963).

The Federal constitutional prohibition against double jeopardy made applicable to the States by Benton v. Maryland, 395 U.S. 784 (1969), is inapposite.

"If a defendant is placed on probation under the Acts of 1911 and 1941, supra, the Court clearly has the right to later modify the order of probation if the terms thereof are violated or conditions thereof are not met, and if this occurs, this does not constitute double jeopardy. Cf. Kelley v. United States, 235 F. 2d 44 (4th Cir. 1956) (Per Curiam)": Commonwealth v. Vivian, 426 Pa. 192, 201 (1967). See also Commonwealth v. MacKay, 222 Pa. Superior Ct. 234 (1972); Commonwealth v. Johnson, 222 Pa. Superior Ct. 233 (1972); and Reimel, Pennsylvania Guide to Criminal Practice and Procedure, Geo. T. Bisel & Co. (1969), p. 225.